**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAGDEEP CHOPRA,

Plaintiff,

vs.

HEALTHFIRST INC.

Defendant.

COMPLAINT

Case No.: 19-CV-0034

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jagdeep Chopra, ("Plaintiff" or "Mr. Chopra"), by and through his attorneys, Danny Grace, P.C., as and for his Complaint in this action against Defendant Healthfirst Inc., ("Healthfirst", "the Company" or "Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1. This action is to seek declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and unethical behavior toward the Plaintiff on the grounds of his disability. These actions are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); The New York State Human Rights Law, New York Executive Law §§ 290 *et seq*. ("NYSHRL"), The New York City Human Rights Law. New York Administrative Code §§ 8-101 *et seq*. ("NYCHRL").

2. Defendant, its owners, and managers unlawfully, unethically and recklessly directed their actions towards Plaintiff on the basis of his disability. Defendant fundamentally discriminated and treated the Plaintiff differently to that of other equally positioned parties solely and undoubtedly on the basis of Plaintiff's disabilities.

3. Defendant sought to only act in a manner that would be to its own economic benefit and that at the expense of a long-standing, faithful employee, such as Mr. Chopra.

4. Defendant treated Plaintiff differently to that of other equally positioned employees solely and undoubtedly on the basis of Plaintiff's disability.

5. Defendant's conduct was knowing, malicious, willful and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economical and non-economic damages, and severe mental anguish and distress. Plaintiff, at all times, acted professionally and impeccably and used all possible administrative remedies available to deal with all situations of unlawful discrimination he encountered. This resulted in his involuntary termination.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII. The court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §§ 1367(a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. 1391, because Defendant was incorporated in this district, was located and conducted business in this district during the entirety of Plaintiff's employment, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

**PROCEDURAL REQUIREMENTS**

8. Prior to the commencement of this action, Plaintiff filed a Verified Complaint with the Equal Employment Opportunity Commission ("EEOC") charging Defendant with unlawful discrimination in relation to Plaintiff's employment on the basis of his religion in violation of Title VII. Plaintiffs EEOC Charge of Discrimination arises out of the same facts alleged herein.

9. On October 28, 2018, the EEOC issued Plaintiff a Notice of Right to Sue in Federal Court based on the allegations of unlawful discrimination in relation to Plaintiff's employment on the basis of his religion.

10. This action has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue.

11. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

13. Plaintiff Jagdeep Chopra is a former employee of HealthFirst and resides in the State of New Jersey. From in or around September 28, 2015, until his termination on April 9, 2018, he was employed by HealthFirst in its place of business at 100 Church Street, New York, NY 10007.

14. Plaintiff held the position of 'Senior QA Analyst' from the date of his employment in September 2015, until his unlawful termination by the Defendant in April 2018.

15. Upon the time and date of his unlawful termination Plaintiff had a yearly salary of $137,773.00.

16. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

17. Defendant HealthFirst, is a not-for-profit health insurance company. It provides several policies ranging from Medicaid, medical advantage, child health plus and long term care plans. The company comprises of numerous locations throughout the New York area. Defendant's headquarters are located at 100 Church Street, New York, NY 10007. Defendant HealthFirst was Plaintiff's direct employer. At all relevant times, Defendant HealthFirst, met the definition of "employer" under all applicable statutes.

## FACTUAL ALLEGATIONS

18. In or around September 28, 2015, Plaintiff began working as a Senior QA Analyst for HealthFirst. His continuous location of employment was 100 Church Street, New York, NY 10007.

19. Plaintiff's initial salary was $128,000.00 per annum.

20. At the time of Plaintiffs unlawful termination his salary was $137,773.00 per annum.

21. During the course of his employment, Plaintiff held an exemplary record of employment and did not receive any negative performance evaluations, either written or oral, nor was Plaintiff a party to any disciplinary proceedings against him.

22. To the contrary, throughout his employment Plaintiff was continuously commended for his performance and was awarded to notable awards for his performance and merited work.

23. Plaintiff's exemplary work was even recognized in May 2017 when he received the "Service Award" recognized by HealthFirst's Leadership Team, praising his valued contributions.

24. In late 2017, Plaintiff began experiencing health issues (i.e., stress-related symptoms). This was around the time when HealthFirst hired Ms. Aseema Shaik ("Ms. Shaik") as its new Director.

25. On or about March 6, 2018, Plaintiff received an unwarranted and unjustifiably negative review from HealthFirst (specifically from Ms. Shaik), for the first time in his employment.

26. This review intensified Plaintiff's stress related symptoms and he continued to suffer. Previous symptoms of Hypertension and Anxiety continued to increase and worsen dramatically.

27. In order to sufficiently cope with the onset of these symptoms, Plaintiff requested that he be afforded a reasonable accommodation to work from home.

28. HealthFirst instructed Plaintiff to obtain a doctor's note demonstrating his need for an accommodation, to which Plaintiff duly acquired and provided. Plaintiff's doctor instructed him to work from home for a period of two weeks.

29. Following the doctor's instruction to work from home, instead of affording Plaintiff the accommodation HealthFirst demanded that he take time off in order to place him on disability leave. Plaintiff had no choice but to begin his sick leave on March 28, 2018, or risk obvious unlawful termination.

30. HealthFirst instructed Plaintiff to notify them when he planned to return to the office. As requested, Plaintiff notified the company of his intention to return on April 9, 2018.

31. Upon notifying the company of his return, Plainiff was unlawfully terminated without reason from HealthFirst.

32. No reasoning was provided for Plaintiff's termination. No comments were made in regard to his behaviour, performance or any specific aspect of his employment performance.

33. In fact, Plaintiff is aware that HealthFirst planned to terminate his employment contract with HealthFirst subsequent to his request for a medical leave but prior to return to the office from his disability leave. This is evidenced by an email circulated throughout HealthFirst that the company secured Plaintiff's replacement prior to his return.

34. It is evidently clear that the sole reasoning for Plaintiff's termination was due to his disability, and a retaliation against him for requiring a reasonable accommodation.

35. Plaintiff was, and still is, horrified by the discrimination he suffered at the hands of Defendant in relation to his disability, and the retaliation he suffered as a result of a request for a reasonable accommodation

36. As a further direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered, and continues to suffer, sever mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and diminished self-worth due to the discrimination he suffered due to his disability.

37. Defendant's conduct against Plaintiff was intentional and malicious and/or showed a deliberate, willful, wanton and reckless disregard for his rights under, Americans with Disabilities Act, the NYSHRL and the NYCHRL.

**<u>FIRST CAUSE OF ACTION</u>**
**(Disparate Treatment Due to Disability in Violation of the ADA)**

38. Plaintiff alleges and incorporates by reference each and every allegation in each of the preceding paragraphs, as if fully set forth herein.

39. At all relevant times, Plaintiff was a "qualified individual" suffering from a "disability" within the meaning of the ADA. Similarly, at all relevant times, Defendant was a "covered entity" within the meaning of the ADA.

40. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA by denying him equal terms and conditions of employment, including but not limited to, terminating his employment because Plaintiff became a disabled person as defined by the ADA.

41. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

42. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

43. Defendant's unlawful actions constitute a willful and wanton violation of the ADA, were outrageous and malicious, were intended to injure Plaintiff, and were done with reckless indifference to Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(Retaliation in Violation of the ADA)**

44. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

45. At all relevant times, Plaintiff was a "qualified individual" suffering from a "disability" within the meaning of the ADA. Similarly, at all relevant times, Defendant was a "covered entity" within the meaning of the ADA.

46. Defendant retaliated against Plaintiff by, *inter alia*, terminating his employment in violation of the ADA due to his disability.

47. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

49. Defendant's unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

**<u>THIRD CAUSE OF ACTION</u>**
**(Failure to Provide Reasonable Accommodation in Violation of the ADA)**

50. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

51. At all relevant times, Plaintiff was a "qualified individual" suffering from a "disability" within the meaning of the ADA. Similarly, at all relevant times, Defendant was a "covered entity" within the meaning of the ADA.

52. Defendant violated their duty under the ADA to provide Plaintiff with a reasonable accommodation for his disabilities when they denied Plaintiff's request for the reasonable accommodation of allowing Plaintiff to continue to work from home, failed and refused to engage in discussion with Plaintiff regarding his need for an accommodation, and/or failed and refused to engage in discussion with Plaintiff regarding the potential provision of alternative accommodations after denying Plaintiff's request for the accommodation.

53. As a direct and proximate result of Defendant's unlawful conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

54. As a direct and proximate result of Defendant's unlawful conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

55. Defendant's unlawful actions constitute malicious, willful, and wanton violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**(Discrimination in Violation of the State HRL)**

56. Plaintiff alleges and incorporates by reference each and every allegation in each of the preceding paragraphs, as if fully set forth herein.

57. Defendant has discriminated against Plaintiff in violation of the State HRL by denying him equal terms and conditions of employment, including, but not limited to, terminating his employment because he became a disabled person as defined under the State HRL.

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the State HRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits, for which he is entitled to an award of monetary damages.

59. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the State HRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which he is entitled to an award of monetary damages and other relief.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of the State HRL)**

60. Plaintiff alleges and incorporates by reference each and every allegation in each of the preceding paragraphs, as if fully set forth herein.

61. Defendant retaliated against Plaintiff in violation of the State HRL by, *inter alia*, terminating his employment because he became a disabled person as defined under the State HRL.

62. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the State HRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages.

63. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the State HRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which he is entitled to an award of monetary damages and other relief.

**SIXTH CAUSE OF ACTION**
**(Discrimination in Violation of the City HRL)**

64. Plaintiff alleges and incorporates by reference each and every allegation in each of the preceding paragraphs, as if fully set forth herein.

65. Defendant discriminated against Plaintiff in violation of the City HRL by denying him equal terms and conditions of employment, including but not limited to, terminating his employment because Plaintiff became a disabled person as defined by the City HRL.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the City HRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages.

67. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the City HRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical injury, for which he is entitled to an award of monetary damages and other relief.

68. Defendant's unlawful and discriminatory conduct in violation of the City HRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**SEVENTH CAUSE OF ACTION**
**(Retaliation in Violation of the City HRL)**

69. Plaintiff alleges and incorporates by reference each and every allegation in each of the preceding paragraphs, as if fully set forth herein.

70. Defendant retaliated against Plaintiff in violation of the City HRL by, *inter alia*, terminating his employment because Plaintiff became a disabled person as defined by the City HRL.

71. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the City HRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which he is entitled to an award of monetary damages.

72. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the City HRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical injury, for which he is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful and retaliatory conduct in violation of the City HRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States and the State of New York and;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensation for his depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to his personal and professional reputations and loss of career fulfillment;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: January 2, 2019
New York, New York

Respectfully submitted,

DANNY GRACE, P.C.
*ATTORNEYS FOR PLAINTIFF*

222 BROADWAY, 19TH FLOOR
NEW YORK, NY 10038
(646) 515-2821

_______/S/_________________________
DANIEL GRACE